IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODERICK D. T., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-274-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Roderick D. T. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that he is disabled as a result of a stroke, depression, anxiety, hypertension, and frequent headaches. After his applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on September 8, 2016. *See* Dkt. No. 14 (Administrative Record ["AR"] at 28-56. At the time of the hearing, Plaintiff was 52 years old. He is a high school graduate, attended college for two years, and has past work experience as a bus driver and mail handler. Plaintiff has not engaged in substantial gainful activity since August 15, 2014.

The ALJ found that Plaintiff was not disabled for his entire application period and therefore not entitled to disability or SSI benefits for the entire period for which he sought benefits. *See id.* at 11-23. The ALJ found that Plaintiff was entitled to a closed period of disability starting on August 15, 2014 and ending on July 1, 2016. The ALJ found that although the medical evidence established that Plaintiff suffered from organic mental disorder, history of ischemic stroke, high blood pressure, degenerative disc disease of the lumbar spine, depression, and anxiety, the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work but could not return to his past relevant employment. Given his age, education, work experience, and residual functional capacity, the ALJ found that no jobs existed in significant numbers in the national economy that Plaintiff could have performed from August 15, 2014 through July 1, 2016.

The ALJ also found that as of July 2, 2016, Plaintiff experienced medical improvement, which affected his RFC. The ALJ found that, as of July 2, 2016, Plaintiff suffered from the same impairments and the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the RFC to perform a limited range of medium work but could not return to his past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a dining room attendant, counter supply worker, and cleaner – jobs that exist in significant numbers

in the national economy. Accordingly, the ALJ found that Plaintiff's disability ended on July 2, 2016.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

In a single ground for relief, Plaintiff contends that the ALJ erred by finding that Plaintiff experienced medical improvement as of July 2, 2016.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its

judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's

substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Analysis**

Plaintiff contends that the ALJ committed reversible error by finding that he experienced medical improvement as of July 2, 2016.

The ALJ in the instant case found the claimant to be entitled to benefits for a "closed period" of time. *See* AR at 19. A "closed period" of time is where "a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of [the ALJ's] decision." *Waters v. Barnhart*, 276 F.3d 716, 719 (5th Cir. 2002). In those instances in which an ALJ grants disability benefits for a closed period of time, two decisions occur. *See Joseph v. Astrue*, 231 F. App'x 327, 329 (5th Cir. 2007). The ALJ first finds the applicant disabled and grants benefits. *See id*. The ALJ then engages in the termination decision-making process to determine that the disability ended at some point before the hearing. *See id*.

To determine when the disability, and therefore the closed period, ends, the ALJ must apply the medical improvement standard. *See Teague v. Astrue*, 342 F. App'x 962, 963 (5th Cir.2009). An ALJ may appropriately discontinue disability benefits when

there is substantial evidence that "(1) there had been a medical improvement related to the ability to work, and (2) the individual is now able to engage in substantial gainful activity." *Id.* at 963-64. A "medical improvement" is any decrease in the medical severity of an impairment that was present at the time of the most recent favorable disability determination. *See* C.F.R. § 416.994(b)(1) (i); *Gardner v. Astrue*, No. 4:10-cv-226-A, 2011 WL 2292179, at *3 (N.D. Tex. Apr.19, 2011). A medical improvement is related to a claimant's ability to do work when there has been a decrease in the claimant's impairment and an increase in the claimant's functional capacity to do basic work activities. *See Teague*, 342 F. App'x at 964 (citing 20 C.F.R. § 404.1594(b)(3)). A finding that there has been a decrease in medical severity must be based on changes in the symptoms, signs, or laboratory findings associated with the impairment. *See* 20 C.F.R. § 416.994(b)(1)(I); *Gardner*, 2011 WL 2292179, at *3. The Commissioner has the burden of proving the claimant is no longer disabled as of the cessation date. *See Waters*, 276 F.3d at 718.

Here, the ALJ found that, from August 15, 2014 through July 1, 2016, Plaintiff had the RFC to lift and carry 20 pounds occasionally and ten pounds frequently; to stand and walk a total of six hours during an eight-hour work day; and to sit a total of six hours during an eight-hour workday. The ALJ also found that Plaintiff could perform simple tasks; do only goal-oriented but not production rate work; make simple workplace decisions; and adapt to only occasional changes in the workplace. And the

ALJ found that Plaintiff could have frequent contact with supervisors, co-workers, and the public and that he would be off task ten percent of the workday. *See* AR at 16.

The ALJ then found that, since July 2, 2016, Plaintiff did not develop any new impairments and that he continued to have the same severe impairments, which did not meet a listing. But the ALJ found that medical improvement occurred as of July 2, 2016 and that Plaintiff regained the functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently; stand and walk a total of six hours during an eight-hour workday; and sit a total of six hours during an eight-hour work-day. The ALJ also found that Plaintiff could perform simple routine tasks and make simple work-related decisions. And the ALJ found that Plaintiff could have frequent contact with supervisors, co-workers, and the public and that he would likely be off task five percent of the workday. *See id.* at 19-20.

Plaintiff contends the Commissioner has not met her burden to show that medical improvement occurred as of July 2, 2016. Plaintiff argues that the ALJ fails to compare the medical severity of Plaintiff's current impairments to the severity of the impairments that were present at the time of the most favorable medical decision finding Plaintiff disabled, as required by 20 C.F.R. § 404.1594(b)(7). Plaintiff also asserts that there is no evidence dated July 2, 2016 or later that supports a finding of medical improvement.

The Court agrees with Plaintiff that it is unclear what evidence the ALJ relies on to find that Plaintiff experienced medical improvement as of July 2, 2016. The only evidence discussed by the ALJ from the time period after July 2, 2016 are the

comments that "[a] tomography (CT) of the brain performed on July 19, 2016, showed no acute intracranial abnormality compared to CT and MR of the brain in August of 2014 after stroke" and that, "[i]n July and August of 2016, the claimant's medications were working well." AR at 20. The statement that Plaintiff's medications "were working well" is too generic to constitute evidence of an improvement in the symptoms, signs, or laboratory findings associated with any specific impairment. *See Schomburg v. Astrue*, No. 3:07-cv-1258-BD, 2003 WL 3734139, at *3 (N.D. Tex. Nov. 9, 2009); 20 C.F.R. § 416.994a(c). And, although the CT scan of the brain is some evidence showing medical improvement, it does not explain the increased RFC to perform physical work.

Consequently, the ALJ erred by finding the Plaintiff experienced medical improvement as of July 2, 2016.

But reversal is only warranted if the claimant shows that he was prejudiced by the ALJ's error. Here, prejudice is established where a more thorough analysis might lead the ALJ to a different decision.

Accordingly, the Court reverses the ALJ's decision and remands to allow the ALJ to reconsider her finding of medical improvement and to explain the evidence that supports improvement on the determined date, if any.[1]

**Conclusion**

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

DATED: March 12, 2019

                                                                                             _____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE